IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE: Candy D. Wilson                                       BANKRUPTCY NO. 12-13703-JDW

21st Mortgage Corporation                                                        Movant

VS.

Candy D. Wilson, Debtor and
Stephen P. Livingston, Trustee                                                Respondents

MOTION FOR RELIEF FROM STAY
AND FOR OTHER RELIEF

COMES NOW, 21st Mortgage Corporation (hereinafter "21st Mortgage") brings this motion for relief from stay and for other relief as follows:

1. On or about September 1, 2012, Candy D. Wilson ("Debtor") filed a petition for relief pursuant to Title 11 of the United States Code. This Court has jurisdiction over the parties and subject matter to this action pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 554, and 362. This is a core proceeding pursuant to 28 U.S.C. § 157 (b) (2) (A), (G) and (O).

2. On March 5, 2001, Robert Wilson executed a Manufactured Home Retail Installment Contract ("Agreement") in the original principal amount of $49,913.00. The Debtor, Candy D. Wilson, did not execute the Contract. A true and correct copy of said Agreement is attached hereto and made a part hereof and marked Exhibit "A".

3. 21st is a secured creditor and holds a valid, duly perfected security interest in the 2000 Southridge manufactured home. Copies of documents supporting the debt and 21st's security interest are attached to this motion. The Debtor, Candy D. Wilson, has no ownership interest in the manufactured home.

4. 21st Mortgage has not received adequate protection as required by 11 U.S.C. §§ 361, 362 and 363. Additionally, there is no equity in the property for the benefit of Debtors or the

Estate.

5. 21st Mortgage's collateral is burdensome and of inconsequential value and benefit to the Estate.

**WHEREFORE, PREMISES CONSIDERED,** 21st Mortgage Corporation requests the Court to order the Trustee to abandon 21st Mortgage's collateral pursuant to 11 U.S.C. § 554, that the stay provisions of Rule 4001 of the Federal Rules of Bankruptcy Procedure shall not apply herein, and to terminate the automatic stay of 11 U.S.C. § 362 to allow 21st Mortgage to proceed to enforce its security interest and repossess and liquidate its collateral. In the alternative, the Court is requested to grant such other relief as is necessary under the circumstances.

DATED: March 23, 2015.

Respectfully submitted,

21st Mortgage Corporation

BY: /s/ Edward E. Lawler, Jr.
Edward E. Lawler, Jr.
Its Attorney

Edward E. Lawler, Jr., MSB No. 1095
McKay Lawler Franklin & Foreman, PLLC
P.O. Box 2488
Ridgeland, MS 39158-2488
Telephone (601) 572-8778
Telefax (601) 572-8440

## CERTIFICATE OF SERVICE

I certify that copies of the foregoing documents were served upon the following:

Karen B. Schneller
P.O. Box 417
Holly Springs MS 38635

Terre M. Vardaman
Chapter 13 Trustee
P.O. Box 1326
Brandon, MS  39043-1326

Stephen P. Livingston, Sr.
Chapter 7 Trustee
Post Office Box 729
New Albany, MS  38652

by United States mail, postage prepaid, or by electronic notice, on March 23, 2015.

                                              /s/ Edward E. Lawler, Jr.
                                              Edward E. Lawler, Jr.

TFMTG-B0663

| MANUFACTURED HOME RETAIL INSTALLMENT CONTRACT MISSISSIPPI | Seller<br>Southern Hsg Ctr dba Oakdale homes<br>8020 Hwy 178 West<br>Byhalia, MS 38611<br>"We" and "us" mean the Seller above, its successors and assigns. | Buyer<br>ROBERT WILSON<br>1920 ST PAUL RD<br>BYHALIA, MS 38611<br>"You" and "your" mean each Buyer above, and guarantor, separately and together. |
|---|---|---|
| No.<br>Date 3-5-01 | | |

### TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | AMOUNT FINANCED<br>The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS<br>The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE<br>The total cost of your purchase on credit, including your down payment of $ 5,500.00 |
|---|---|---|---|---|
| 11.210 % | $124,042.60 | $ 49,913.00 | $173,955.60 | $179,455.60 |

Payment Schedule: Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 360 | 483.21 | 4-3-2001 |

Security: You are giving a security interest in the Manufactured Home purchased.
☐ You are giving a security interest in the real property at _____
☒ Filing Fees: $ 8.00
☐ Late Charge: If a payment is more than _____ days late, you will be charged _____

Prepayment: If you pay off this Contract early, you will not have to pay a penalty.
☒ If you pay off this Contract early, you will not be entitled to a refund of part of the Additional Finance Charge.
ASSUMPTION: Someone buying your Manufactured Home may be allowed to assume this Contract on its original terms, subject to certain conditions.
Contract Provisions: You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.    "e" means an estimate

CREDIT INSURANCE: Credit life, credit disability (accident and health or accident and sickness), and any other Insurance coverage quoted below, are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below ONLY the coverages you have chosen to purchase.

Credit Life: Insured _____
☐ Single ☐ Joint Prem. $ 0.0    Term _____
Credit Disability: Insured _____
☐ Single ☐ Joint Prem. $ 0.0    Term _____

Your signature below means you want (only) the Insurance coverage(s) quoted above. If none are quoted, you have declined any coverages we offered.

Buyer _____ d/o/b    Buyer _____ d/o/b
Buyer _____ d/o/b    Buyer _____ d/o/b

PROPERTY INSURANCE: You are required to insure the Property securing this Contract with the following minimum property insurance coverage: $49,913.00

You may purchase or provide the insurance through any insurance company that is reasonably acceptable to us. If you get the insurance from or through us you will pay $ 603.00 for 12 months of coverage.

Liability Insurance coverage for bodily injury and/or property damage caused to others is NOT included in this Contract unless checked and indicated below.
☐ The following liability insurance is included in this coverage:

### ITEMIZATION OF AMOUNT FINANCED

| Manufactured Home Price | $ 54,802.00 |
|---|---|
| (Including sales tax of $ 1,802.00) | |
| Buyer Protection/Service Plan Paid to: _____ | *$ 0.00 |
| 1. Cash Price | $ 54,802.00 |
| Manufacturer's Rebate $ 0.00 | |
| Cash Down Payment $ 5,500.00 | |
| 2. Subtotal $ 5,500.00 | |
| Trade-In Allowance $ 0.00 | |
| Less: Amount Owing To: _____ $ 0.00 | |
| 3. Net Trade-In $ 0.00 | |
| 4. Total Down Payment (line 2 plus line 3) | $ 5,500.00 |
| 5. Unpaid Balance of Cash Price (line 1 minus line 4) | $ 49,302.00 |
| Fees Paid to Others: | |
| Paid to Public Officials - Filing Fees Only | $ 8.00 |
| Paid to Public Officials - Other than Filing Fees | $ 0.00 |
| Insurance Premiums* | $ 603.00 |
| (To: AMERICAN FAMILY ) | |
| (To: _____ ) | |
| (To: _____ ) | |
| Additional Finance Charge(s) Paid To Seller | $ 4,011.04 |
| To: HomePride (Origination fee) | $ 0.00 |
| To: HomePride (Points) | $ 3,993.04 |
| To: FIDELITY NATIONAL FLOOD SVC | $ 18.00 |
| 6. Subtotal (line 5 plus all Fees Paid to Others) | $ 53,924.04 |
| 7. Prepaid Finance Charges | $ 4,011.04 |
| Amount Financed (line 6 minus line 7) | $ 49,913.00 |
| *We may retain or receive a portion of this amount. | |

ORIGINAL

MISSISSIPPI MANUFACTURED HOME RETAIL INSTALLMENT CONTRACT
© 1995 Bankers Systems, Inc., St. Cloud, MN Form RSSIMHLAZ-MS 4/15/99

(page 1 of 4)

03/01/2001 15:08:703                                                              ☐005/022

**SALE:** You agree to purchase from us the manufactured home described below, together with any related services and furnishings, equipment, appliances and accessories included at the time of its purchase (together referred to as "Manufactured Home"). Your purchase of the Manufactured Home is subject to the terms of this Contract. "Contract" means this document and any separate document that secures this Contract.

| Manufacturer SOUTHRIDGE | Model Name & Number | Year 2000 |
|---|---|---|
| Serial Number 1SRP16081ABAL | Length 60 / Width 32 / Color | ☒ New ☐ Used |

Services, furnishings, equipment, appliances, and accessories include:
☐ Tires and Wheels  ☐ Axles  ☐ Refrigerator _____
☐ Oven/Range _____
☐ Washer _____  ☐ Dryer _____
☒ A/C Unit(s) 001209888
☒ Skirting  ☐ Awning(s) _____
☐ Accessory Shed _____
☐ Services _____
☐ Other _____

Location of Manufactured Home after delivery to Buyer:
1920 ST. PAUL RD. BYHALIA, MS 38611

Description of Trade-In:
  0X0

☐ **BUYER PROTECTION/SERVICE PLAN:** With your purchase of the Manufactured Home, you have elected to purchase the following optional buyer protection or service plan ("Plan"): _____

The Plan covers _____ and will be in effect _____. See the Plan documents for details.

**SECURITY:** To secure your payment and performance under the terms of this Contract, you give us a security interest or chattel mortgage security interest in the Manufactured Home and, unless prohibited by law, all parts, accessories, repairs, improvements, and accessions to the Manufactured Home and all proceeds, products, and benefits from it.

☐ This Contract is also secured by a separate mortgage or deed of trust dated _____, on real estate, as shown in the TRUTH IN LENDING DISCLOSURES.
The term "Property" means all property securing this Contract.

**PROMISE TO PAY AND PAYMENT TERMS:** You promise to pay us the principal amount of $ 53,924.04 , plus interest on the unpaid balance at the rate(s) of 10.25%

per year until the final scheduled payment date. Interest will begin to accrue on 30 DAYS BEFORE THE FIRST PMT DUE DATE and will accrue on a 365/365 day basis. After the final scheduled payment date, or after you default and we demand payment, we will earn interest on the unpaid balance at the rate of 10.25 % per year. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms of this Contract. A late charge, if provided in the TRUTH IN LENDING

© 1996 Bankers Systems, Inc., St. Cloud, MN Form RSSIMHLAZ-MS 4/15/98

DISCLOSURES, will be imposed only once on a late payment. A late charge will not be collected on the final scheduled payment, but interest will continue to accrue at the applicable contract rate.

☒ **ADDITIONAL FINANCE CHARGE:** You agree to pay an additional, nonrefundable finance charge of $ 4,011.04 that will be ☐ paid in cash. ☒ financed (see ITEMIZATION OF AMOUNT FINANCED). ☐ paid proportionally with each payment.

**DOWN PAYMENT:** You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED.

☐ **ESCROW:** You ☐ may, but are not required to ☐ must pay certain expenses and fees from an escrow account. If an escrow account is established, it will be governed by a separate agreement.

**GENERAL TERMS:** You agree to purchase the Manufactured Home over time. The Total Sale Price shown in the TRUTH IN LENDING DISCLOSURES assumes that all payments will be made as scheduled. The actual amount you will pay may be more or less depending on your payment record.

The law of Mississippi will govern this transaction. It is also governed by applicable federal law and regulations, including the preemption of state usury laws. The federal Alternative Mortgage Transactions Parity Act may also apply.

We do not intend to charge or collect any interest or fee that is more than the applicable law allows. If we charge or collect any amount over what the law allows, we will apply the excess first to the principal balance, and we will refund any excess if you have paid this Contract in full.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

If any provision of this Contract is not enforceable, this Contract will remain enforceable without such provision. If we agree with you to any exceptions to the promises or assurances in this printed Contract, such agreement must be in writing and signed by us.

**PREPAYMENT: YOU MAY PREPAY THIS CONTRACT IN FULL OR IN PART AT ANY TIME WITHOUT PENALTY.** Any partial prepayment will not excuse any later scheduled payments until you pay in full.

You may obtain from us, or the insurance company named in your policy (or certificate of insurance), a refund of any unearned insurance premiums.

**ADDITIONAL SECURITY:** You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**OWNERSHIP AND DUTIES TOWARD PROPERTY:** By giving us a security interest, chattel mortgage, real estate mortgage, or deed of trust in the Property, you agree to the following:
A. You will defend our interests in the Property against claims made by anyone else. You will do whatever is necessary to keep our claim to the Property valid.
B. The security interest you are giving us in the Property comes ahead of the claim of any other creditor except as agreed to in writing by us. You agree to sign any additional documents or provide us with any additional information we may require to keep the priority of our claim to the Property. You will not do anything to change our interest in the Property.
C. You will keep the Property in your possession in good condition and repair. You will use the Property for its intended and lawful purposes. Unless otherwise agreed in writing, the Manufactured Home will be located at the "Location of Manufactured Home after delivery to Buyer" provided in this Contract.
D. You will not try to sell or transfer any rights in the Property without our prior written consent.

_____ (page 2 of 4)

E. The Manufactured Home will remain personal property until this Contract is paid in full. Unless we give you prior written consent, you will not allow the Manufactured Home to become a part of real estate or to otherwise lose its treatment as personal property under applicable law.

F. You will pay all taxes, fees, expenses, and assessments on the Property when due.

G. You will notify us of any loss or damage to the Property. You will provide us reasonable access to the Property for the purpose of inspection.

**DEFAULT:** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):
A. You fail to make a payment when it is due.
B. You fail to perform any obligation that you have undertaken in this Contract (which includes doing something you have agreed not to do).
C. We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay our costs for collecting amounts owing, including, without limitation, court costs, attorneys' fees, and fees for repossession, repair, storage, and sale of the Property securing this Contract.

If an event of default occurs as to any one of you, we may exercise our remedies against any or all of you.

**NOTICE OF DEFAULT:** If you are in default, we will send you a Notice of Default and Notice of Right to Cure Default ("Notice") when required by law. The Notice will explain why you are in default and how you can cure it. We will not accelerate the unpaid balance of this Contract, repossess or foreclose on any Property until after we send you the Notice and any cure period it describes has passed. We may not be required to send you a Notice if (1) you have abandoned the Manufactured Home, (2) you received two Notices in the prior one-year period, or (3) other extreme circumstances exist.

**REMEDIES:** If you are in default on this Contract, we have all of the remedies provided by law, this Contract, and any separate personal property security agreement, chattel mortgage, real estate mortgage, or deed of trust. Before using a remedy, we will send you any notice and wait for any cure period that the law may require for that remedy. Our remedies include the following:
A. We may require you to immediately pay us, subject to any refund required by law, the entire principal balance, plus earned interest and all other agreed charges.
B. We may, but are not required to, pay taxes, fees, expenses, assessments, or other liens or make repairs to the Property if you have not done so. Any amount we pay will be added to the amount you owe us and will be due immediately. This amount will earn interest from the date paid at the rate(s) described in the PROMISE TO PAY AND PAYMENT TERMS section. We may require that you establish and fund an escrow account if one is not already required.
C. We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
D. We may immediately take possession of the Property by legal process or self-help, if we do so lawfully. We may then sell the Property and apply what we receive to our reasonable expenses and then toward your obligations, as allowed by law.
E. Except when prohibited by law, we may sue you for additional amounts if the sale proceeds do not pay all you owe us.

Paragraphs C. and D. (above) apply only to personal property which may secure this Contract. The law also may impose other limits on our remedies when a residence is the security. We will tell you those limits if and when they apply to the use of our remedies.

By choosing any one or more of these remedies, we do not waive our right to later use another remedy. If we do not act on an event of default, we do not give up our right to later treat the type of event as a default.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law). When real estate is the security, other rules may apply.

You agree that, subject to your right to recover such property, we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above.

If the U.S. Department of Housing and Urban Development insures this Contract under its Title 1 Property Improvement and Manufactured Home Regulations, our right to make you pay off this entire Contract is subject to the limitations of those regulations.

**INSURANCE:** You agree to buy insurance on the Property with the types and amounts of coverage indicated in the PROPERTY INSURANCE section, or as we otherwise require. You must name us as loss payee on any such policy. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. If insurance proceeds paid to us do not pay off this Contract, you are responsible for the balance. You will keep the insurance in effect until this Contract is paid in full. If the premium for property insurance is included in the Amount Financed and the insurance is canceled or terminated before this Contract is paid in full, then you agree to give us any premium refund or rebate that you receive. We will credit the refund or rebate to the amount you owe us. We may, at our option, allow you to use the refund or rebate to help pay for replacement insurance that you purchase.

If you do not keep these promises, we may buy insurance to protect our interest in the Property. The insurance we buy may include coverages beyond those we require you to buy and may be from a company you might not choose. The rate we pay may be higher than a rate you might have to pay if you buy it yourself. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn interest from the date paid at the applicable contract rate(s).

**OBLIGATIONS INDEPENDENT:** Each of you who signs this Contract is independently responsible to pay it and to keep the other promises made in this Contract. This is true even if:
A. Someone else has also signed it.
B. We release or do not try to collect from another who is also responsible to pay this Contract.
C. We release any security or do not try to take back any Property.
D. We give up any other rights we may have.
E. We extend new credit or renew this Contract.

**WARRANTIES:** We will provide any warranty information to you separately.

**WAIVER:** To the extent permitted by law, you agree to give up your rights to require us to do certain things. You do not give up any rights that are provided in this Contract (for example, see the NOTICE OF DEFAULT section). Unless the law or this Contract provide otherwise, we are not required to: (1) demand payment of amounts due; (2) give notice that amounts due have not been paid, or have not been paid in the appropriate amount, time, or manner; or, (3) give notice that we intend to make, or are making, this Contract immediately due.

**ASSIGNMENT:** This Contract is assigned to Assignee (identify): HOMEPRIDE FINANCE CORP, 101 CENTREPORT DR, SUITE 320 GREENSBORO, NC 27409
This assignment is made under the terms of a separate agreement made between the Seller and Assignee.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

## NOTICE TO BUYER

(1) Do not sign this agreement before you read it or if it contains any blank spaces. (2) You are entitled to a completely filled-in copy of this agreement. (3) Under the law, you have the right to pay off in advance the full amount due without penalty.

**BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1, 2, 3 AND 4 OF THIS CONTRACT AND ACKNOWLEDGES RECEIPT OF A COPY OF THIS CONTRACT.**

Buyer(s):

X _Robert Wilson_ _____ 3-5-01
Signature ROBERT WILSON                Date

X _____ _____
Signature                              Date

X _____ _____
Signature                              Date

X _____ _____
Signature                              Date

SELLER'S SIGNATURE:

X _Linda Swinney Soc Up_____
Name and Title  Linda Swinney    Soc Up

Disbursement Date: 3-5-01 ........... (This date is for Title 1 HUD Insurance purposes and may be completed after the Contract is signed to reflect the actual disbursement date, and not any estimated disbursement date. It may appear only on the original form.)

**ORIGINAL**

# CERTIFICATE OF TITLE

## STATE OF MISSISSIPPI

| | | | | | |
|---|---|---|---|---|---|
| VEHICLE IDENTIFICATION NUMBER | MAKE | YEAR | MODEL | BODY | TITLE NUMBER |
| 1SRP16081ABAL | SOUT | 2000 | 1SR | MH | 9077371-01 |
| TITLE DATE | DATE OF FIRST SALE FOR USE NEW ONLY | NO CYL | NEW/USED | TYPE OF VEHICLE | PASS OR GVW |
| 04252001 | 03052001 | 00 | X | MHH | 000 | ORIGINAL |

OWNER
WILSON ROBERT
1920 ST PAUL RD
BYHALIA       MS 38611

ODOMETER - TENTHS NOT INCLUDED
000000
MANUFACTURED HOME

1ST LIENHOLDER (OR OWNER IF NO LIEN)
CHASE MANHATTAN BANK
150 S STRATFORD RD SUITE 310
WINSTON-SALEM   NC 27104

DATE  03/05/2001

2ND LIENHOLDER

LIEN SATISFACTION —
THE UNDERSIGNED HOLDER OF ABOVE DESCRIBED LIEN(S) ON THE MOTOR VEHICLE DESCRIBED HEREON HEREBY ACKNOWLEDGES SATISFACTION THEREOF.

1ST LIEN _____ (LIENHOLDER) BY _____ (SIGNATURE AND TITLE)
THIS _____ DAY OF _____ , 19 ___

2ND LIEN _____ (LIENHOLDER) BY _____ (SIGNATURE AND TITLE)
THIS _____ DAY OF _____ , 19 ___

IN WITNESS WHEREOF I HAVE HEREUNTO SET MY HAND, THIS
THE 25 DAY OF APRIL 2001
01110682021                    00116
                               STATE TAX COMMISSION

The Mississippi State Tax Commission hereby certifies that the application duly made, the person named herein is registered by this office as the lawful owner of the vehicle described subject to the liens or security interests hereon set forth and such liens or security interests as may subsequently be filed with the State Tax Commission. This certificate of title is issued pursuant to the Mississippi Motor Vehicle Title Law, Section 63-21-1, Mississippi Code of 1972, and subject to the provisions thereof.

CONTROL NUMBER
11512673

VOID IF ALTERED